**MICHAEL S. LAHR**
**ZENO B. BAUCUS**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email:   michael.lahr@usdoj.gov
         zeno.baucus@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

MAR 24 2014

Clerk, U.S. District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 13-23-BU-SEH |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| LLOYD NICKLE, | |
| Defendant. | |

1

MSL   Def.   Def. Atty
MSL
3/24/14
LN
3-24-14   LMR
           3/24/14

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Michael S. Lahr, Assistant United States Attorney for the District of Montana, and the Defendant, Lloyd Nickle, and the Defendant's attorney, Laura Reed, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the Defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The Defendant agrees to plead guilty to the superseding information which charges the crime of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. The offense charged in the superseding information carries a mandatory minimum term of five years imprisonment and a maximum term of forty years imprisonment, a $5,000,000 fine, at least four years of supervised release, and a $100 special assessment.

At the time of sentencing, the United States will move to dismiss

2

MSL  Def.  Def. Atty

the indictment against the Defendant if the Court accepts this plea agreement.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The Defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, the indictment against the Defendant; and b) the United States makes the recommendations provided below. The Defendant understands that if the agreement is accepted by the Court, and the indictment is dismissed against him, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The Defendant will plead guilty because Defendant is in fact guilty of the charge contained in the superseding information. In pleading guilty, the Defendant acknowledges that:

First, beginning in or before June 2012, and continuing through at

3

MSL    Def.    Def. Atty
3/24/14    3-24-14    3/24/14

least March 2013, there was an agreement between two or more persons to commit at least one crime as alleged in the superseding information; and

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish that object.

The Defendant also acknowledges that it was within the scope of the Defendant's agreement with his co-conspirators, or was otherwise reasonably foreseeable to the Defendant, that the offense charged in the superseding information would involve at least 50 grams of a substance containing a detectable amount of methamphetamine.

5. **Waiver of Rights by Plea:**

(a) The Defendant is entitled to have the charge outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury consisting of at least 16 and not more than 23 members.

(b) The government has a right to use against the

Defendant, in a prosecution for perjury or false statement, any

4

MSL  Def.  Def. Atty

statement that the Defendant gives under oath during the plea colloquy.

(c) The Defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The Defendant has the right to a jury trial unless the Defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

(e) The Defendant has the right to be represented by counsel, and if necessary, have the Court appoint counsel, at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The Defendant and the defense attorney would have a say in determining who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be

5

instructed that the Defendant is presumed innocent, and that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the Defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i) At a trial, there is a privilege against self-incrimination so that the Defendant could decline to testify and no inference of guilt could be drawn from the Defendant's refusal to testify. Or the

6

MSL / Def. / Def. Atty

MSC 3/24/14
LN 3-24-14
LMR 3/24/14

Defendant could exercise the choice to testify on the Defendant's own behalf.

(j) If convicted, and within 14 days of the entry of the judgment and commitment, the Defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the Defendant to reversal of the conviction.

(k) The Defendant has a right to have the District Court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the Defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The Defendant understands that by pleading guilty pursuant to this agreement the Defendant is waiving all the rights set forth in this paragraph. The Defendant's attorney has explained these rights and the consequences of waiving these rights.

6. **Recommendations:** The United States will recommend

7

MSL    Def.    Def. Atty

that the Defendant be given three points for acceptance of responsibility if appropriate under the Guidelines, unless the Defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will recommend that the Court impose a sentence at the low end of the advisory sentencing guideline range adopted by the Court. The parties reserve the right to make any other arguments and recommendations at the time of sentencing including, but not limited to, arguments regarding drug amounts attributable to the Defendant. The Defendant understands that the Court is not bound by any recommendations made by any party.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. In the event the base offense is calculated using a version of U.S.S.G. § 2D1.1(c) enacted prior to November 1, 2014, the government will move the Court to vary downward two levels as a means to ensure the Defendant receives the

8

benefit of an expected amendment to U.S.S.G. § 2D1.1(c) which, if enacted, will reduce base offense levels under that guideline by two levels. In exchange for the government's motion, the Defendant agrees to waive any right he may have, pursuant to 18 U.S.C. § 3582(c) and any other provision of law, to move the Court to modify his sentence at a later date if the amendment to U.S.S.G. § 2D1.1(c) is, in fact, enacted. The Defendant agrees that he will reaffirm this waiver at the change of plea hearing.

8. **Forfeiture:** The defendant also agrees to abandon all right title and interest in the property described in the forfeiture allegation of the Superseding Indictment, execute a release and waiver to that effect, not challenge the administrative forfeiture of those items, or stipulate to the entry of an Order of Forfeiture transferring the following property to the United States:

1. Approximately $29,461.52 in United States currency;

2. One Diamond Ring with a silver-colored metal ring band; appraised value of approximately $12,000.00

3. 2003 Harley Davidson, Vehicle Identification Number: 1HD1CGP483K442710.

4. 2007 Ford Explorer Sport Trac, Vehicle Identification Number: 1FMEU53897UA16026; and

5. Glock Model 23 Handgun, Serial Number PLT944

**9.     Waivers of Appeal of Sentence/2255 Action:**

*a) Mutual Conditional Waiver of Appeal:* The Defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement, the Defendant waives his right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation. The United States waives its right to appeal the reasonableness of the sentence if it has no objection to the calculation of the guidelines and the sentence imposed is within or above the range provided for by that calculation.

The Defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does

10

not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

b) *Waiver of Appeal of the Sentence - 5K motion*

The Defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to U.S.S.G. § 5K1.1 for a downward departure to reward for any substantial assistance the Defendant has provided or may provide before sentencing. If such a motion is made and the Court accepts the plea agreement, the Defendant hereby waives all right to appeal the sentence imposed by the Court, regardless of whether any other appeal waiver in paragraph 8 of this plea agreement applies.

If a motion for downward departure is made under U.S.S.G. § 5K1.1, the Defendant also agrees to waive the Defendant's right to collaterally attack the judgment or sentence pursuant to

11

28 U.S.C. § 2255, regardless of whether any other appeal waiver in paragraph 8 of this plea agreement applies. This waiver does not prohibit the Defendant from exercising the Defendant's right to pursue or maintain such an action arising from facts not known and not reasonably capable of being known at the time of entry of the Defendant's guilty plea or alleging that the Defendant received ineffective assistance of counsel.

The United States emphasizes, and the Defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the Defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

c) *Waiver and Dismissal of Appeal of the Sentence - Rule 35 motion*

12

The Defendant acknowledges that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, to reward the Defendant for any substantial assistance the Defendant provides after sentencing. If such a motion is made and granted by the Court, the Defendant hereby agrees to waive any appeal of the sentence and judgment imposed and to dismiss any pending appeal of the judgment and sentence previously taken.

If a Rule 35 motion for reduction of sentence is made and granted by the Court, the Defendant also agrees to waive the Defendant's right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the Defendant from exercising the Defendant's right to pursue or maintain such an action arising from facts not known and not reasonably capable of being known at the time of entry of the Defendant's guilty plea or alleging that the Defendant received ineffective assistance of counsel.

13

MSL  Def.  Def. Atty

The United States emphasizes, and the Defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the Defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

10. **Loss of Federal Benefits:** The Defendant acknowledges that, based on his plea of guilty to a federal controlled substances crime, he is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. See, 21 U.S.C. § 862a. The Court may also deny the Defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. See, 21 U.S.C. § 862.

11. **Voluntary Plea:** The Defendant and the Defendant's attorney acknowledge that no threats, promises, or representations have

14

been made to induce the Defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**12. Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the Defendant acknowledges that he will be detained upon conviction unless: (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted *or* (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed *and* (B) the Court finds, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the Defendant may be released upon conditions.

**13. Breach:** If Defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the Defendant may not withdraw any guilty plea.

**14. Entire Agreement:** Any statements or representations made by the United States, the Defendant, or the Defendant's counsel

15

prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States, except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_Michael S. Lahr 3/24/14_

MICHAEL S. LAHR     Date
Assistant U. S. Attorney

_Lloyd Nickle 3-24-14_
_Lloyd Nickle 4-18-2014_

LLOYD NICKLE     Date
Defendant

_Laura Reed 3/24/14_
_Laura Reed 3/20/14_

LAURA REED     Date
Defense Counsel

16    MSL    Def.    Def. Atty
MSL 3/24/14    LN 3-24-14    LMR 3/24/14